

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 03 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

JASON GALTIERI,

Defendant.

---

13-CR-00508-001

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



**JACK B. WEINSTEIN, Senior United States District Judge:**

**Appearances**

**For United States:**

Shannon C. Jones
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-7000
shannon.jones@usdoj.gov

**For Defendant:**

Margaret M. Shalley
Fasulo, Shalley & DiMaggio, LLP
225 Broadway, Suite 715
New York, NY 10007
212-566-6212
margaretshalley@aol.com

# Table of Contents

I.     Introduction ......................................................................................................................1

   A.  Instant Offenses .........................................................................................................1

   1.  Conspiracy to Commit Wire Fraud .........................................................................1

   2.  Conspiracy to Commit Bank Fraud..........................................................................2

   B.  Arrest ..........................................................................................................................2

   C.  Guilty Plea.................................................................................................................2

   D.  Sentencing Hearing....................................................................................................2

II.    Offense Level, Category, and Sentencing Guidelines Range.............................................3

III.   Law...................................................................................................................................3

IV.   18 U.S.C. § 3553(a) Considerations .................................................................................4

V.    Sentence............................................................................................................................5

VI.   Conclusion .......................................................................................................................6

## I.    Introduction

Defendant pled guilty to one count of conspiracy to commit wire fraud pursuant to 18

U.S.C. §§ 1349 and 1343, and one count of conspiracy to commit bank fraud pursuant to 18

U.S.C. §§ 1349 and 1344.  He was involved in a boiler room scheme and defrauded a bank

through a short sale of his home to a business associate.

His conduct appears to be an aberration from his otherwise productive and law-abiding

life.

He is sentenced to time-served of one day, three years' supervised release, forfeiture of

$2,000,000, and restitution of $2,111,729.37.

### A.    Instant Offenses

#### 1.    Conspiracy to Commit Wire Fraud

Between July 2010 and March 2012, Mr. Galtieri acted as president of Rothschild &

Associates, in Brooklyn ("Rothschild").  *See* Sept. 12, 2013 Transcript of Criminal Cause for

Pleading (ECF No. 7) ("Sept. 12, 2013 Tr."), at 21:3–5.  As president, defendant opened bank

accounts for Rothschild and wrote checks to his co-conspirators.  *See* Presentence Investigation

Report ("PSR") ¶ 6.

Rothschild operated as a "boiler room," employing sales people with prior felony

convictions for committing stock fraud.  *See* Sept. 12, 2013 Tr. at 21:5–9.  They used high-

pressure sales tactics and lied about the soundness of investments in precious metals.  *See id.*

Defendant engaged in this conspiracy as a leader.  *See id.* at 21:10.  Instead of investing all of the

money received from investors, Mr. Galtieri used some of it for his own personal expenses and

to pay Rothschild's employees.  *See id.* at 21:10-15.  When investors sought to liquidate their

investments, he diverted a portion to himself and others.  *See id.* at 21:16–19.

There are between 10 and 50 victims. The loss amount is conservatively estimated to be $1.5 million. *See* PSR ¶ 6.

### 2. Conspiracy to Commit Bank Fraud

In August 2011, Mr. Galtieri was involved in a scheme to defraud Wells Fargo & Company ("Wells Fargo"), the holder of a mortgage on his house. *See* PSR ¶ 7; Sept. 12, 2013 Tr. at 22:5–10. He sold his home *via* a short sale to a business associate who had a bad credit rating and was involved with the boiler room scheme. *See* PSR ¶ 7. Eventually, there was a default on the mortgage to Wells Fargo. *See id.* The loss to the bank was $387,679.67. *See id.*

### B. Arrest

Mr. Galtieri was arrested on September 12, 2013. *See* PSR. He was released the same day on a $250,000 secured bond with pretrial release conditions. *Id.*

### C. Guilty Plea

On September 12, 2013, Mr. Galtieri pled guilty to one count of conspiracy to commit wire fraud pursuant to 18 U.S.C. §§ 1349 and 1343, and one count of conspiracy to commit bank fraud pursuant to 18 U.S.C. §§ 1349 and 1344. *See* Sept. 12, 2015 Tr. at 20:1–8. Mr. Galtieri consented to the entry of a forfeiture judgment of $2,000,000. *See* Sentencing Hearing Tr., Aug. 17, 2015 ("Sent. Hr'g.").

### D. Sentencing Hearing

The sentencing hearing was videotaped to develop an accurate record of the courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a sentence. *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y.2004) (describing the value of video recording for possible review of sentences on appeal).

## II.     Offense Level, Category, and Sentencing Guidelines Range

Defendant's total offense level is 24. *See* Addendum to the Presentence Report. The criminal history category is I. *See id.*; PSR at ¶ 33. The Sentencing Guidelines ("Guidelines") imprisonment range is 51–63 months. *See* U.S.S.G. Ch. 5 Pt. A.

Count 1 is a Class C Felony. The Guidelines range for a term of supervised release is therefore one to three years. U.S.S.G. § 5D1.2(a)(2). Since Count 2 is a Class B Felony, the Guidelines range for a term of supervised release is two to five years. U.S.S.G. § 5D1.2(a)(1).

A special assessment of $100 for each count is mandatory. 18 U.S.C. § 3013(a)(2)(A). The Guidelines range for the imposition of a fine for this offense is $7,500 to $75,000. PSR ¶ 71.

## III.     Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of section 3553(c)(2) of title 18, *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under [section] 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), abrogated in part on other grounds by *Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement

should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising its own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, justifiable parsimony in incarceration is prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary . . . ."); National Research Council of the National Academies, The Growth of Incarceration in the United States, Exploring Causes and Consequences, 8 (2014) ("Parsimony: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV.      18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

The defendant is a United States citizen. *See* PSR. He was raised under middle-income circumstances and did not suffer abuse. *See id.* at ¶ 39. Defendant's parents lived together until shortly before his father's death in the 1980s. *See id.* at ¶¶ 38–39. His mother is a retired bookkeeper. *See id.* at ¶ 38. Defendant enjoys a close relationship with her. *See id.*

Mr. Galtieri also has a good relationship with his wife and young son. *Id.* at ¶ 40. His wife describes the defendant as a "very good guy" who is "generous and easy to get along with and a fantastic father." *Id.* at ¶ 42. Defendant and his family live in New Jersey in a two-family residence in a middle-income neighborhood; the home is neat and well-maintained. *Id.* at ¶ 41. He spends approximately 12 hours per week volunteering in his community with youth sports. *See* Sent. Hr'g.

Defendant earned an associate's degree in accounting from Kingsborough Community College in Brooklyn, New York. *See* PSR at ¶ 48. He worked for various financial institutions and mortgage companies from the 1990s until 2008, when the housing market crashed. *See id.* at ¶ 52. Since that time, defendant has worked for debt relief companies and a paper company in New Jersey. *Id.* at ¶¶ 50–51. The owner of the paper company describes defendant as "exemplary." *Id.* at ¶ 50. Defendant also has a job arranged at a pharmaceutical company which will double his current income. *See* Sent. Hr'g. His total net worth is approximately $30,000. PSR at ¶ 54.

A custodial sentence is unnecessary. Defendant appears to be a productive member of society who has led a good life but for these two serious crimes. *See* Sent. Hr'g. Imprisonment will harm his wife and son. *Cf. United States v. G.L.*, 305 F.R.D. 47, 50 (E.D.N.Y. 2015) (noting harm a parent's incarceration causes on children). It would also prevent defendant from accepting a new offer of employment that will enable him to begin paying the forfeiture judgment and restitution to his victims. *See* Sent. Hr'g.

## V.      Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence.

In light of the nature of the offense, the characteristics of the defendant, and the Government's submission of a letter pursuant to Section 5K1.1 of the Sentencing Guidelines, Mr. Galtieri was sentenced to time-served of one-day and a supervised release term of three years. *Id.* A $200 special assessment was imposed. 18 U.S.C. § 3013(a)(2)(A). The court also entered a forfeiture judgment in the amount of $2,000,000. It ordered the defendant to pay restitution in the amount of $2,111,729.37. *See* Sent. Hr'g.

## VI.    Conclusion

General and specific deterrence are achieved by the sentence.  All relevant elements of the Guidelines and statutes have been considered.  Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.  18 U.S.C. § 3553(a).

Jack B. Weinstein
Senior United States District Judge

Dated: August 21, 2015
        Brooklyn, New York